UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

THOMAS CARLIN,

    Plaintiff,

v.

THE ZAPI GROUP, LLC; and
ZENON KURZYNA,

    Defendants.

Case No. 6:23-cv-1894-RBD-RMN

## ORDER

This cause comes before the Court for consideration without oral argument on Plaintiff's Motion for Entry of Clerk's Default (Dkt. 10), filed November 27, 2023 ("Motion"). The Motion has been referred to be for adjudication. Upon consideration and for the reasons discussed below, the Motion is due to be denied without prejudice.

Pursuant to Local Rule 1.10(a), Plaintiff was required to file proof of service within twenty-one days after service of the summons and complaint. *See* Local Rule 1.10(a). But he waited until November 27, 2023—forty-six days after service—to file his return of service. *See* Dkt. 9. Despite missing the deadline, Plaintiff did not move for an extension of time to file his proof of service or acknowledge the missed deadline.

Where a party seeks to act after the time provided has expired, that party must demonstrate excusable neglect. *See* Fed. R. Civ. P. 6(b)(1)(B). Plaintiff does not seek extension of the expired deadline under Rule 6, nor does he attempt to establish excusable neglect. The Motion is therefore denied.

Any amended or renewed motions for default shall comply with the requirements of the Local Rules, including the Local Rule 3.01(a) requirement that motions contain argument with legal authority supporting why Defendant was properly served. Here, the Motion contains a section titled "Memorandum of Law," but that section merely refers to Federal Rule of Civil Procedure 12 and "Eleventh Circuit precedent." *See* Dkt. 10 at 2. There is no explanation or evidence provided to support the contention that Defendant was properly served in compliance with Federal Rule of Civil Procedure 4 or the applicable Florida Statute. A memorandum should identify the law, discuss how courts interpret the law, and explain how the Court should apply the law to the facts of the case.

Accordingly, it is **ORDERED**:

1. The Motion (Dkt. 10) is **DENIED without prejudice**; and

2. Plaintiff is directed to file a Motion for Extension of Time that demonstrates excusable neglect on or before December 8, 2023. If Plaintiff does not file such a motion or otherwise demonstrate excusable neglect by that date,

I will issue a Report and Recommendation recommending dismissal of this case for failure to prosecute under Local Rule 1.10(d).

**DONE** and **ORDERED** in Orlando, Florida, on November 28, 2023.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:

Counsel of Record