## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

THOMAS CARLIN,

    Plaintiff,

    v.

                      Case No. 6:23-cv-1894-RBD-RMN

THE ZAPI GROUP, LLC,

    Defendant.

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on Plaintiff's Motion for Entry of Final Default Judgment (Dkt. 24), filed January 25, 2024 ("Motion"). The Motion has been referred to me for a report and recommendation. Upon consideration, I respectfully recommend that Plaintiff's Motion be granted in part.

## I.  BACKGROUND

In September 2023, Plaintiff filed a single-count Complaint against Defendant, The Zapi Group, LLC, for violations of the overtime provision of the Fair Labor Standards Act ("FLSA"). Dkt. 1. Defendant was served with the Complaint on October 12, 2023. Dkt. 14. It did not respond and, as a result, the Clerk of Court entered default on December 21, 2023. Dkt. 20. Plaintiff now

moves for entry of final default judgment. Dkt. 24. The matter is ripe for review.

## II.   LEGAL STANDARD

The Federal Rules of Civil Procedure establish a two-step process for obtaining default judgment. First, when a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend as provided by the Federal Rules, the Clerk may enter default. Fed. R. Civ. P. 55(a). Second, after obtaining a clerk's default, the Plaintiff must move for default judgment. Fed. R. Civ. P. 55(b). Before entering default judgment, the Court must ensure that it has jurisdiction over the claims and parties, and that the well-pled factual allegations, which are assumed to be true, adequately state a claim for which relief may be granted. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1] If default judgment is warranted, then the court must next consider whether the Plaintiff is entitled to the relief requested. "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." *See* Fed. R. Civ. P. 54(c).

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

## III.   ANALYSIS

### A.   Jurisdiction

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it involves a federal question. This Court has personal jurisdiction over The Zapi Group, LLC because it is a foreign limited liability company registered to do business in the state of Florida. Thomas Carlin is a citizen and resident of this District. *See* Dkt. 1.

### B.   The Entry of Default

Plaintiff properly served Defendant by personally serving an employee of its registered agent on October 12, 2023. Dkt. 14; Fed. R. Civ. P. 4(h); Fla. Stat. §§ 48.062, 48.091. Defendant did not appear, and no responsive pleading was ever filed. The Clerk of Court entered Clerk's Default on December 21, 2023. Dkt. 20.

### C.   Liability

The FLSA provides that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). To state a claim for unpaid overtime wages under the FLSA, a plaintiff must allege sufficient facts to show that (1) the defendant employed him; (2) either the defendant constitutes an enterprise

engaged in interstate commerce to qualify for "enterprise coverage," or the FLSA covers the plaintiff through "individual coverage;" (3) the plaintiff worked in excess of a 40-hour work week; and (4) the defendant failed to pay overtime wages owed to the plaintiff. *See Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1277 b.68 (11th Cir. 2008); *Sims v. UNATION, LLC*, 292 F. Supp. 3d 1286, 1292 (M.D. Fla. 2018). Subject to exceptions not applicable here, the FLSA defines "employee" as "any individual employed by an employer," and "employer" as "includ[ing] any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. §§ 203(e)(1), (d).

Plaintiff's allegations sufficiently state that he was employed by Defendant to perform cooking and manager type duties from around February 2022 to June 2023. Dkt. 1 at ¶¶ 2, 3. The Complaint also adequately alleges that Defendant is "an enterprise" for purposes of the FLSA. *See id.* at ¶¶ 10, 11; *see Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1265–66 (11th Cir. 2006).[2] Plaintiff states that Defendant employed at least two people who were

---

[2] The FLSA defines "an enterprise engaged in commerce or in the production of goods for commerce" in relevant part, as an enterprise that

> (i)    has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and

engaged in handling, selling, or otherwise working on goods moved in or produced for commerce and that Defendant earned more than $500,000.00 per year in gross sales. Dkt. 1 at ¶¶ 10, 11. These factual allegations are sufficient to support enterprise coverage. And finally, Plaintiff declares that he worked in excess of 40 hours per work week and that Defendant failed to compensate him at a rate of time and one-half his regular pay for overtime work. *Id.* at ¶¶ 15–18.

Plaintiff has thus sufficiently alleged that Defendant is liable for overtime-wage violations under the FLSA.

## D.    Wages and Liquidated Damages

Pursuant to the FLSA, any employer who violates the overtime wage provisions is liable to the employee in the amount of the employee's unpaid overtime compensation and an equal amount as liquidated damages. 29 U.S.C. § 216(b). Employees bear the burden of proving they performed work for which they were not properly compensated. *Saphos v. Grosse Pointe Dev. Co., Inc.*, No. 6:6-cv-257, 2008 WL 976839, at *3 (M.D. Fla. Apr. 9, 2008). When the employer's records are inaccurate, inadequate, or (like here) unavailable,

---

(ii)    is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) . . . .

29 U.S.C. § 203(s)(i)(A)(i)–(ii).

an employee carries this burden by producing "sufficient evidence to show the amount and extent of that works as a matter of just and reasonable inference." *Id.* Upon such a showing, the "burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence of the precise amount of reasonableness of the inference to be drawn from the employee's evidence." *Id.* Courts analyzing motions for default judgment employ this standard in reviewing a plaintiff's claimed damages. *See, e.g., Hammonds v. Age Mgmt. & Optimal Wellness, Inc.*, No. 8:16-cv-429, 2017 WL 10276703, at *3 (M.D. Fla. Feb. 6, 2017); *Onofre v. Higgins AG, LLC*, No. 8:21-cv-311, 2021 WL 6498121, at *2 (M.D. Fla. Dec. 29, 2021), *report and recommendation adopted*, No. 8:21-cv-311, 2022 WL 138096, at *1 (M.D. Fla. Jan. 14, 2022).

Plaintiff provides sufficient evidence for his claimed damages. He alleges that Defendant failed to pay him his complete overtime compensation and that that failure was an intentional and willful violation of the FLSA. Dkt. 1 at ¶¶ 25–28. In support of his Motion, Plaintiff provides an affidavit that shows the amount and extent of his work as a matter of just and reasonable inference. Dkt. 24-1 at 2–4. The affidavit indicates that he was not properly compensated for the overtime work he performed for Defendant. *Id.* at 3. Specifically, Plaintiff was only paid straight time for his overtime hours and estimates he worked between twenty-one and thirty-three overtime hours per week. *Id.*

Plaintiff accompanies his affidavit with spreadsheets that were created using his pay and time records that detail the damages he believes he is owed. *Id.* at 6. In the spreadsheet, Plaintiff calculated the extra half-time he believes he is owed. *Id.* at 3. Plaintiff therefore believes that he is owed $9,904.26 in unpaid overtime wages. *Id.* at 4.[3] Plaintiff seeks this amount in damages.

Plaintiff's affidavit (Dkt. 24-1 at 2–4), along with the spreadsheets (*id.* at 6) and pay and time records (*id.* at 8–38) are sufficient evidence to demonstrate the amount and extent of his work as a matter of just and reasonable inference. Defendant has not produced evidence or otherwise controverted such evidence in response. Thus, Plaintiff is entitled to the undisputed amount of $9,904.26 in overtime compensation.

Plaintiff additionally seeks $9,904.26 in liquidated damages. Dkt. 24 at 7. He alleges that Defendant's failure to pay him the requisite overtime pay was intentional and willful. Dkt. 1 at ¶¶ 26–28. As explained above, any employer who violates the overtime wage provisions of the FLSA, 29 U.S.C. § 207, shall be liable to the affected employee in the amount of the unpaid overtime wages "and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Liquidated damages under the FLSA are "compensatory in

---

[3] Plaintiff is only seeking the *additional* one-half of the overtime rate. He therefore admits that Defendant paid him at his regular rate for the hours worked each week.

nature." *Snapp v. Unlimited Concepts, Inc.*, 208 F.3d 928, 934 (11th Cir. 2000). "An employer who seeks to avoid liquidated damages as a result of violating the provisions of the FLSA bears the burden of proving that its violation was both in good faith and predicated upon reasonable grounds." *Hammonds*, 2017 WL 10276703, at *4 (citing *Joiner v. City of Macon*, 814 F.2d 1537, 1538 (11th Cir. 1987)). In fact, liquidated damages for overtime wage claims under the FLSA are "mandatory absent a showing of good faith." *Joiner*, 814 F.2d at 1539.

Plaintiff sufficiently alleges that Defendant violated section 207. As discussed above, Plaintiff establishes that he is entitled to $9,904.26 in overtime compensation. Defendant has not established that the FLSA violation was in good faith or that liquidated damages are not warranted. *See*, *e.g.*, *Maldonado v. Stoneworks of Manatee, LLC*, No. 8:17-cv-60, 2020 WL 10486667, at *1 (M.D. Fla. Jan. 27, 2020) (explaining that the defendant's failure to respond to the complaint constituted a failure to show good faith); *Sawicki v. Anauel Catering Corp.*, No. 12-22402, 2017 WL 7796308, at *2 (S.D. Fla. Nov. 6, 2017) (same). Plaintiff is therefore entitled to liquidated damages in the amount of $9,904.26.

In sum, Plaintiff is entitled to $19,808.52 in damages: $9,904.26 in unpaid overtime compensation, and $9,904.26 in liquidated damages.

### E.     Attorney's Fees and Costs

Pursuant to the FLSA, a court must "allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(B). Courts use the federal lodestar approach in determining reasonable attorneys' fees under the FLSA. *See Walker v. Iron Sushi, LLC*, 752 F. App'x 910, 913 (11th Cir. 2018).[4] But here, Counsel does not seek any award for his time spent working on this action—he is only seeking an award for his costs. Dkt. 24 at 8; Dkt. 24-2.

As the prevailing party, Plaintiff is entitled to an award of costs. He seeks $612.00 in costs, which represents a $402.00 filing fee plus two service of process fees (one for $65.00 and another for $145.00). Dkt. 24-2. Filing fees and costs for private process servers are recoverable under 28 U.S.C. § 1920. But not all the process server costs are recoverable here.

The $145.00 service of process fee appears to be for the attempted service of another defendant, Zenon Kurzyna, who Plaintiff has not served successfully.[5]

---

[4] Although *Walker* is unpublished and therefore non-binding, the opinion contains persuasive guidance and reasoning. *See* 11th Cir. R. 32.1(d).

[5] The cost ledger provided to support the costs requested indicates that the $65.00 service of process fee was dated November 13, 2023, while the $145.00 service of process fee was dated December 14, 2023. Dkt. 24-2. Because Defendant The Zapi Group, LLC was served on October 12, 2023 (Dkt. 14), the undersigned surmises that the $65.00 November service of process fee was for

Even if the additional service fee was not for attempts to serve Zenon Kurzyna, Plaintiff should only be awarded $65.00 for service of process. The costs for a private process server are also taxable, but only up to a point. Costs for a private process server are permissible "provided the rate charged does not exceed the cost of having a U.S. Marshal effect service." *EEOC v. W & O, Inc.*, 213 F. 3d 600, 624 (11th Cir. 2000). The current rate charged by the U.S. Marshal is $65.00 per hour (or portion thereof) for each person served, plus travel costs and other out-of-pocket expenses. 28 C.F.R. § 0.114(a)(3). The documentation submitted by Plaintiff does not demonstrate that service on Defendant The Zapi Group, LLP required more than one hour. And so even if Plaintiff could seek both service of process fees, those fees must be reduced to $65.00.

Additionally, I recommend awarding Plaintiff post-judgment interest, even though it was not requested in his Motion, because it is mandated by statute. *See* 28 U.S.C. § 1961(a) ("Interest shall be awarded on any money judgment in a civil case recovered in a district court."); *Am. Contractors Indem. Co. v. MD Constr. Servs. USA, Inc.*, No. 6:16-cv-952, 2016 WL 11581679, at *4 (M.D. Fla. Dec. 8, 2016) (stating that the plaintiff's failure to request post-judgment interest did not preclude a post-judgment interest award because of

---

serving The Zapi Group, LLC while the latter fee was for Zenon Kurzyna, who Plaintiff attempted to serve for the last time on November 27, 2023 (Dkt. 16).

the mandatory nature of such an award), *report and recommendation adopted*, No. 6:16-cv-952, 2017 WL 11025405, at *1 (M.D. Fla. Jan. 4, 2017).

In sum, I recommend that Plaintiff is entitled to an award of $467.00 in costs, along with post-judgment interest.

## IV.   CONCLUSION

Accordingly, I respectfully **RECOMMEND**:

1.      Plaintiff's Motion (Dkt. 24) be **GRANTED in part and DENIED in part**;

2.      The Clerk be **directed** to enter default judgment in favor of Plaintiff and against Defendant in the amount of $20,275.52; and

3.      Once judgment is entered, the Court should **direct** the Clerk to close this case.

## <u>NOTICE TO PARTIES</u>

"Within 14 days after being served with a copy of [a report and recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id*. A party's failure to serve and file specific objections to the proposed findings and recommendations alters review by the district judge and the United States Court of Appeals for the Eleventh Circuit, including waiver

of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

      **Entered** in Orlando, Florida, on March 8, 2024.

ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:

Hon. Roy B. Dalton, Jr.

Counsel of Record